(98 South. 402)

No. 26186.

STATE v. ADAMS.

(Nov. 5, 1923. Rehearing Denied by Division B, Dec. 10, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⟨key⟩1178—Failure to argue unconstitutionality of act on which prosecution based an abandonment thereof.**

In a prosecution under Act No. 139 of 1916, for abusing, mistreating, and neglecting a child, a motion to quash the indictment on the ground that the act was unconstitutional will be deemed abandoned where the point was not argued either orally or in brief.

**2. Statutes ⟨key⟩51, 107(3), 118(1) — Statute punishing neglect of child held not unconstitutional as broader than title, embracing more than one subject or referring insufficiently to other legislation.**

Act No. 139 of 1916, making it criminal to abuse, mistreat, and neglect a child, is not unconstitutional on ground that the body of the act is broader than the title, that other legislation is referred to in defining the offense without specifically setting it forth, or that more than one subject is included in the act.

**3. Criminal law ⟨key⟩1159(2)—Insufficiency of evidence to sustain conviction will not be considered.**

The Supreme Court having no jurisdiction as to facts touching the guilt or innocence of accused, insufficiency of evidence to sustain a conviction will not be considered.

**4. Criminal law ⟨key⟩1177—Denunciation of accused by trial judge after conviction will not be reviewed.**

That after conviction the trial judge "scathingly denounced" accused is not subject to review by the Supreme Court, since it could have no bearing on the conviction.

**5. Criminal law ⟨key⟩260(10)—Submission after conviction of propositions of law, without prayer for relief, and without ruling, presents nothing for review.**

Where, after conviction, and just before sentence, defendant presented for the guidance of the judge certain propositions of law as if under Act No. 93 of 1916, but asked no relief in connection therewith and consequently the judge made no rulings thereon, there was nothing before the Supreme Court for review.

**6. Criminal law ⟨key⟩254—Proposition of law must be presented before conviction.**

Proposition of law for the guidance of the judge under Act No. 93 of 1916 must be submitted before conviction.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Walter Adams was convicted of child abandonment, and he appeals. Affirmed.

The alleged grounds of unconstitutionality of the statute were as follows:

First. That Act No. 139 of 1916, upon which this prosecution is based is unconstitutional, null, and void, for the following reasons, among others:

(a) The body of the act is broader than the title.

(b) Other legislation is referred to in defining the offense charged, without specifically setting same forth.

(c) More than one subject is included in the said act.

C. F. Helmecke, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and C. A. Buchler, Dist. Atty., of Gretna (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. Defendant was convicted of abusing, mistreating, and neglecting his two months old child, to wit, by abandoning same and exposing it to the weather and hunger and bodily harm, contrary to the provisions of Act 139 of 1916.

I.

[1, 2] Defendant moved to quash the indictment on the ground that Act 139 of 1916 was unconstitutional; but the point was not argued either orally or in brief, and we deem same abandoned. At any rate we have examined the alleged grounds of unconstitutionality and find no merit in them whatever.

## II.

[3] The motion for a new trial simply reiterates the matters set up in the motion to quash, and in addition thereto complains of the insufficiency of the evidence. With this last this court has no concern, being without jurisdiction as to facts touching the guilt or innocence of an accused.

## III.

[4] The accused complains that in finding him guilty he was "scathingly denounced" by the trial judge. In point of fact the judge merely recapitulated the evidence as he saw it. But in any event, whilst we do not think that it appertains to the judicial office to indulge in denunciations of an accused even after conviction, yet such denunciation after conviction has, and can have, no bearing on the conviction, and hence is not subject to review by this court.

## IV.

[5, 6] After conviction, and just before sentence, the defendant presented "for the guidance of the judge" certain propositions of law, as if under the provisions of Act 93 of 1916, but asked no relief in connection therewith. Accordingly the judge made no ruling thereon, and there is nothing before us for review. In any event, said act provides that such propositions of law shall be submitted to the judge "in the same manner as requested charges to the jury are now submitted," and the judge must rule upon them before passing upon the guilt or innocence of the accused. It is clear, therefore, that such propositions must be submitted before the conviction, and, if presented afterwards, they come too late, just as a request for a special charge to a jury would come manifestly too late if made after the jury had returned its verdict.

## Decree.

The judgment appealed from is therefore affirmed.

Rehearing denied by Division B, composed of DAWKINS, LAND, and LECHE, JJ.